IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROSS THOMAS BRANTLEY, III, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 3:20-cv-01658-S-BT |
| | § | |
| LORIE DAVIS-DIRECTOR | § | |
| TDCJ-CID, | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is Ross Thomas Brantley, III's Motion to Proceed *In Forma Pauperis* on Appeal (ECF No. 15). For the reasons discussed herein, Brantley's motion should be denied.

Title 28 U.S.C. § 1915(a) sets forth the standards governing *in forma pauperis* motions. The goal of § 1915(a) is to allow access to federal courts for those parties who lack the resources to pay any of the statutory filing costs. *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). A federal court may authorize a civil or criminal appeal by a person who provides an affidavit that includes a statement of all assets such person possesses, and he demonstrates he is unable to pay the fees or give security therefor. 28 U.S.C. § 1915(a)(1). In addition, if the person is a prisoner, he must also provide a certified copy of his inmate trust fund account statement for the six-month period immediately preceding the filing of his notice of appeal. *Id.* § 1915(a)(2). The Court must then examine the financial condition of the applicant to determine whether the payment of fees would "cause undue

financial hardship." *Prows*, 842 F.2d at 140. "This entails a review of other demands on [an] individual [applicant's] financial resources, including whether the expenses are discretionary or mandatory." *Id.*

Here, Brantley seeks to appeal the District Court's order construing his motion as a successive habeas petition under 28 U.S.C. § 2254 and transferring it to the Fifth Circuit Court of Appeals pursuant to *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997). On August 10, 2021, the Court received Brantley's Motion to Proceed *In Forma Pauperis* on Appeal. (ECF No. 15.) On August 12, 2021, the Court issued a Notice of Deficiency and Order (ECF No. 16), which ordered Brantley to either pay the $505.00 appellate filing fee or submit a proper request to proceed *in forma pauperis* on appeal that includes a certification of the balance and deposits in his inmate trust account for the prior six months. The order informed Brantley that he should cure the deficiencies by September 13, 2021. Brantley did not file a response, and he failed to comply with the Court's order. Therefore, the Court should DENY Brantley's motion for leave to proceed *in forma pauperis* on appeal unless Brantley pays the $505.00 filing fee within 30 days of the filing of this recommendation.

Signed September 14, 2021.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).