IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

ROSS THOMAS BRANTLEY, III,               §
                                          §
          Petitioner,                     §
                                          §
v.                                        §      No. 3:20-cv-01658-S-BT
                                          §
LORIE DAVIS-DIRECTOR TDCJ-CID,            §
                                          §
          Respondent.                     §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Ross Thomas Brantley, III, a Texas prisoner, has filed a "Motion for leave to file RECONSIDER DISMISSED PETITION and OBJECTION." (ECF No. 21.) The District Court referred the motion to the United States magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference. For the reasons stated, the motion should be construed as a second or successive petition for a writ of habeas corpus under 28 U.S.C. § 2254 and TRANSFERRED to the Fifth Circuit Court of Appeals.

I.

Brantley filed this action on January 25, 2020 by filing a *pro se* motion purportedly seeking leave to file an "objection en banc" and/or "rehearing request." Pet. 1 (ECF No. 3). The magistrate judge issued findings and conclusions, recommending that the Court construe Brantley's filing as a successive habeas petition under 28 U.S.C. § 2254 and transfer the petition to the Fifth Circuit Court of Appeals under *In re Epps*,

127 F.3d 364, 365 (5th Cir. 1997). FCR (ECF No. 4). Brantley did not file any objections, and on June 22, 2020, the District Court accepted the magistrate judge's findings and recommendation and entered judgment. Ord. (ECF No. 2); J. (ECF No. 5). Brantley appealed to the Fifth Circuit Court of Appeals. On September 16, 2020, he filed a "plea for mercy," in this Court, where he reiterated he was "wrongfully convicted." (ECF No. 6 at 1). The Fifth Circuit dismissed Brantley's appeal for want of prosecution on February 17, 2021. Thereafter, the Fifth Circuit denied his request to file a successive petition. Brantley filed his post-judgment motion on February 23, 2022.

## II.

The court evaluates a motion seeking reconsideration of a prior ruling either as a motion under Rule 59(e) or under Rule 60(b). *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n. 2 (5th Cir. 2012). The court determines the applicable rule based on when the motion is filed. *Id.* If the movant filed the motion within twenty-eight days after the entry of judgment, the court considers the motion under Rule 59, and if movant filed the motion beyond that time period, the court analyzes it under Rule 60. *Id.* Here, Brantley filed his motion on February 23, 2022, more than a year and a half after the Court entered its judgment on June 22, 2020. Therefore, the Court considers Brantley's motion under Rule 60(b).

When a motion for relief from judgment seeks to advance one or more substantive habeas claims or attacks a federal court's previous resolution of a claim *on the merits*, it is a second or successive petition. *See Gonzalez v. Crosby*, 545 U.S. 524, 530-33 (2005) (concluding that a true Rule 60(b) motion challenges: (1) a procedural ruling, or (2) a defect in the integrity of the federal habeas proceeding, provided that such challenge does not itself lead inextricably to a merits-based attack); *see also Gilkers v. Vannoy*, 904 F.3d 336, 344 (5th Cir. 2018); *Ruiz v. Quarterman*, 504 F.3d 523, 526 (5th Cir. 2007). A motion that challenges the court's failure to reach the merits of the habeas petition is properly evaluated under Rule 60(b). *See Gonzalez*, 545 U.S. at 538. To the extent that the petitioner challenges the integrity of the habeas proceeding, the motion is not the equivalent of a successive petition, and the court can therefore review the claims under Rule 60(b). *Id.* at 532 & n.4; *see also Garrison v. United States*, 2021 WL 4265767, at *1 (N.D. Tex. Sept. 20, 2021). Likewise, when a motion challenges "not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings," it is a Rule 60(b) motion. *Storey v. Lumpkin*, 8 F.4th 382, 388 (5th Cir. 2021) (quoting *In re Coleman*, 768 F.3d 367, 371 (5th Cir. 2014)).

Here, Brantley appears to argue that his "due process [rights were] violated." Mot. 1 (ECF No. 21). Specifically, he contends that he did not know that the prosecutor was seeking a "deadly weapon finding." *Id.* Further,

Brantley contends that the complainant was trespassing and admitted on the stand they were trying to take Brantley's cell phone, even after they were directed to leave the property. *Id.* According to him, the complainant "would'nt [sic] take no for an answer." *Id.* Brantley concludes that the circumstances of his case are "extraordinary," and he is therefore entitled to relief under Rule 60(b)(6). *Id.*

A state prisoner always gets at least one chance to bring a federal habeas challenge to their conviction. *See Magwood v. Patterson*, 561 U.S. 320, 333-34 (2010); *see also Welch v. Lumpkin*, 2021 WL 6205503, at *2 (N.D. Tex. Nov. 19, 2021), *rec. adopted* 2022 WL 19687 (N.D. Jan. 3, 2022). After that, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) limits the circumstances under which a state prisoner may file a second or successive petition under § 2254. AEDPA, Publ. L. 104-132, 110 Stat. 1214 (1996); *see also Garrett v. Director*, TDCJ-CID, 2021 WL 6065962, at *1 (N.D. Tex. Nov. 8, 2021), *rec. adopted* 2021 WL 6063113 (N.D. Tex. Dec. 20, 2021). A court should dismiss a claim presented in a second or successive § 2254 petition that was not presented in a prior petition unless the petitioner can present: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously

unavailable. *See* 28 U.S.C. § 2244(b)(2). Before a petitioner files his second or successive petition in this Court, a three-judge panel of the Fifth Circuit must find that he has made the requisite prima facie showing. *See* 28 U.S.C. § 2244(b)(3)(A) and (B) (stating that before filing a second or successive petition, a petitioner must receive authorization from the court of appeals).

The Fifth Circuit has not issued an order authorizing this Court to consider Brantley's second or successive petition, and he must obtain such authorization before filing this second or successive § 2254 petition. *See Leal Garcia v. Quarterman*, 573 F.3d 214, 220 (5th Cir. 2009) (stating that the AEDPA serves as a "gate-keeper by preventing the repeated filing of habeas petitions that attack the prisoner's underlying conviction").

## Recommendation

The Court should construe Brantley's motion as a second or successive petition for a writ of habeas corpus under 28 U.S.C. § 2254 and TRANSFER the petition to the United States Court of Appeals for the Fifth Circuit pursuant to *In re Epps*.

Signed May 23, 2022.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk is directed to serve a true copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within 14 days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation will bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the findings, conclusions, and recommendation within 14 days after being served with a copy will bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).